IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARD OF TRUSTEES OF
OHIO LABORERS' FRINGE
BENEFITS PROGRAMS,

    Plaintiff,

v.

    Civil Action 2:17-cv-180
    CHIEF JUDGE EDMUND A. SARGUS, JR.
    Magistrate Judge Elizabeth P. Deavers

DAN RAY CONSTRUCTION, *et al.*,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Unopposed Motion for Default Judgment. (ECF No. 38.) For the reasons that follow, Plaintiff's Motion is **GRANTED**.

Plaintiff has established that it is the trustee of four trust funds ("Funds") located in Westerville, Ohio and jointly administered as the Ohio Laborers' Fringe Benefit Program. The Funds include three employer befit plans: Ohio Laborers' District Council – Ohio Contractors' Association Insurance Fund; Laborers' District Counsel and Contractors' Pension Fund of Ohio; Ohio Laborers' Training and Apprenticeship Trust Fund; and one labor management cooperation trust Ohio Laborers' District Council – Ohio Contractors Association Cooperation and Education Trust. (Compl. ¶ 4, ECF No. 1.)

On February 16, 2018, the Magistrate Judge held a status conference. (ECF Nos. 31, 32.) Counsel for Plaintiffs appeared and participated while Defendants failed to appear, which was Defendants' second failure to appear. (ECF No. 32.) The Magistrate Judge directed Defendants to show cause within fourteen days why the Court should not enter default against them for

failure to appear and defend. Defendants failed to respond. The Magistrate Judge then recommended that the Court direct the Clerk to enter default judgment against Defendants for their failure to appear and defend. Over Defendants' objection, the Court adopted the recommendation. (ECF No. 36.) Thereafter, the Clerk entered default against Defendants. (ECF No. 37.)

Plaintiff now moves for default judgment in the amount of $10,425.52 in liquidated damages and interest upon late fringe benefit contributions, plus interest from the time of judgment at the rate of 1% per month as well as attorney fees and costs and for submission of due fringe benefits for the months of January, February, and March 2018 and the accompanying reports for those months. Additionally, pursuant to 29 U.S.C. § 1132(g)(2)(E), Plaintiff seeks an injunction requiring Defendants to submit contribution reports and pay contributions from the company's assets by the 15th of each month for all work performed by employees in the trade jurisdiction of "laborer" for the preceding month during the term of any and all collective bargaining agreements and extensions.

Federal Rule of Civil Procedure 55(b) authorizes a court to enter default judgment against a party whose default has been entered by the clerk. F.R.C.P. 55(b). When ruling on a motion for default judgment, a plaintiff's well-pleaded allegations as to the defendant's liability are normally accepted as true. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).

It is undisputed that Defendants entered into agreements with the Plaintiff obligating it to make employer contributions pursuant to those agreements. (Exhibit B, ECF No. 11-3.) Further, it is undisputed that Defendants made delinquent contributions and have failed to pay interest as required by the agreements. (Exhibit C, ECF No. 38-3.) Finally, the plan and funds at issue fall within the provisions of the Employment Retirement Income Security Program ("ERISA"), and

29 U.S.C. § 1132(a)(3). The Defendants made late contributions totaling $79,785.46 for the period of August 2017 through December 2017. (Exhibit C, ECF No 38-3.) Plaintiff has established that the collective bargaining agreement upon which the delinquencies are based provides a one-time 10% charge for liquidated damages upon all late contributions and for a charge of 1% per month interest upon late contributions until such time as they are paid. (Exhibit B, ECF No. 11-3, PAGEID#: 56.) Thus, Plaintiff requests $10,452.52 in liquidated damages and interest upon late fringe benefit contributions for that period. The affidavit of Plaintiff's Contractor Relations Manager, Brian Gaston and accompanying exhibit establishes that Defendant owes $10,425.52 in liquidated damages and interest for the period August 2017 through December 2017. (ECF Nos. 38-2, 38-3.)

Based on the foregoing, the Court finds that the Plaintiff seeks a sum certain in unpaid interest accumulated pursuant to the relevant agreements. The Court also finds that ERISA allows for recovery of such interest in this action. Consequently, Plaintiff's Motion for Default Judgment is **GRANTED** to the extent that Plaintiff seeks accumulated interest charged in the amount of $10,425.52 plus interest from the time of judgment at the rate of 1% per month, submission of due fringe benefits for the months of January, February, and March 2018 and the accompanying reports for those months. Additionally, pursuant to 29 U.S.C. § 1132(g)(2)(E), Defendants must submit contribution reports and pay contributions from the company's assets by the 15th of each month for all work performed by employees in the trade jurisdiction of "laborer" for the preceding month during the term of any and all collective bargaining agreements and extensions.

ERISA, 29 U.S.C. § 1132(g) applies to attorney's fees and costs. Here, Plaintiff seeks an award of attorney's fees in the amount of $1,540 for 5.5 hours billed at the rate of $280 per hour.

(ECF No. 38-3.) Plaintiff has provided evidentiary support that the number of hours billed and the hourly rate charged are reasonable. (Exhibit D, ECF No. 38-3.) Upon review, the Court finds the $1,540 in attorney's fees reasonable. Thus, Plaintiff's request for attorney's fees is **GRANTED**.

    **IT IS SO ORDERED.**

5-30-2018
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE